IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02081-BNB

GARY SALAZAR,

    Plaintiff,

v.

UNKNOWN RESPONSE TEAM MEMBER ONE, individually, and in their official capacity,
UNKNOWN RESPONSE TEAM MEMBER TWO, individually, and in their official capacity,
UNKNOWN RESPONSE TEAM MEMBER THREE, individually, and in their official capacity,
UNKNOWN RESPONSE TEAM MEMBER FOUR, individually, and in their official capacity,
UNKNOWN RESPONSE TEAM MEMBER FIVE, individually, and in their official capacity,
UNKNOWN JAIL DEPUTY ONE, individually, and in their official capacity,
UNKNOWN JAIL DEPUTY TWO, individually, and in their official capacity,
UNKNOWN JAIL DEPUTY THREE, individually, and in their official capacity, and
TERRY MAKETA, El Paso County Sheriff, individually, and in their official capacity,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Gary Salazar, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Salazar has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated while he was an inmate at the El Paso County Jail in Colorado Springs, Colorado. He seeks damages as relief.

    The court must construe the Prisoner Complaint liberally because Mr. Salazar is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Salazar will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

Mr. Salazar alleges that he was assaulted two times in May or June 2014 while he was an inmate at the El Paso County Jail. He specifically contends that he was assaulted by five unidentified response team members and that three unidentified jail deputies were present but failed to intervene. Mr. Salazar fails to allege facts that demonstrate El Paso County Sheriff Terry Maketa personally participated in the asserted constitutional violations. With respect to Sheriff Maketa, Mr. Salazar alleges only that he "oversaw the entire operation." (ECF No. 1 at 7 & 8.)

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability). Therefore, if Mr. Salazar intends to pursue a claim against Sheriff Maketa, he must file an amended complaint that includes specific allegations that

demonstrate Sheriff Maketa personally participated in the asserted constitutional violations.

Mr. Salazar also must file an amended complaint if he wishes to pursue any claims against Defendants in their official capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978). Therefore, Mr. Salazar's claims against Defendants in their official capacities are construed as claims against El Paso County. However, Mr. Salazar cannot state a cognizable claim for relief against El Paso County unless he demonstrates he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). Mr. Salazar does not provide a short and plain statement of any claim against El Paso County that demonstrates he is entitled to relief.

Finally, Sheriff Maketa is the only individual defendant identified by name. "Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Mr. Salazar fails to provide sufficient information in the Prisoner Complaint that would allow the court to effect service of process on any Defendant other than Sheriff Maketa.

For these reasons, Mr. Salazar will be ordered to file an amended complaint. Mr. Salazar "must explain what each defendant did to him or her; when the defendant did it;

how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Salazar file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Salazar shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Salazar fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED August 28, 2014, at Denver, Colorado.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge