IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02081-RM-CBS

GARY SALAZAR,
    Plaintiff,
v.

DEPUTY WHITE, individually,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. Pursuant to the Order of Reference dated December 23, 2014 (Doc. # 28) and the memorandum dated January 6, 2015 (Doc. # 30), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

Mr. Salazar is currently an inmate at the Colorado Territorial Correctional Facility of the Colorado Department of Corrections. At the time he filed this civil action, he was incarcerated at Sterling Correctional Facility. At the time of the incident alleged in this case, he was incarcerated at the El Paso County Criminal Justice Center ("CJC") in Colorado Springs, Colorado on a state parole hold. (See Amended Prisoner Complaint ("AC") (Doc. # 11) at 4 of 10). Mr. Salazar initiated this lawsuit in his *pro* se capacity on July 25, 2014. (*See* Doc. # 1). At the court's direction, he filed his AC on September 8, 2014. (*See* Docs. # 10, # 11*).* Mr. Salazar alleges

two claims for relief against Deputy White of the CJC pursuant to 42 U.S.C. §§ 1983 for excessive force in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution. (*See* Doc. # 11 at 6-7 of 10).[1] Mr. Salazar seeks sixty million dollars in compensatory damages, additional punitive damages, the $350.00 filing fee, and attorney fees. (*See id.*).

II.     Standard of Review

Defendant White has moved to dismiss the AC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

> A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails to state a claim upon which relief can be granted. The Court's function on a Rule 12(b)(6) motion ... is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is sufficient to plausibly state a claim. A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not plead enough facts to state a claim to relief that is plausible on its face.

*Koenig v. Thurmston*, No. 14-CV-01490-RM-MJW, 2015 WL 2208181, at *3 (D. Colo. May 5, 2015) (internal quotation marks and citations omitted).

"On a motion to dismiss pursuant to Rule 12(b)(1), the Court tests whether it has subject matter jurisdiction to properly hear the case before it." *Triad Bank v. First-Citizens Bank & Trust Co.*, No. 11-CV-01220-RM-BNB, 2015 WL 1528969, at *1 (D. Colo. Mar. 30, 2015) (internal quotation marks and citations omitted).[2] "The party invoking the court's jurisdiction bears the burden to establish that federal jurisdiction exists, and since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence." *Id.* Defendant argues that "[t]o the extent that Plaintiff's Amended Complaint could be read to state any Colorado

---

[1]     On December 15, 2014, Mr. Salazar voluntarily dismissed all unnamed Defendants without prejudice. (See Courtroom Minutes/Minute Order (Doc. # 23)).
[2]     Copies of unpublished decisions cited are attached to this Recommendation.

State-law claims under this Court's pendent jurisdiction," he "has failed to comply with the Colorado Government Immunity Act., C.R.S. § 24-10-101, *et seq.*" and therefore, "any pendent state law claims must be dismissed with prejudice." As the court does not perceive and Mr. Salazar has not advocated any state law claims, the court need not further address Defendant's argument pursuant to Rule 12(b)(1).

Because Mr. Salazar appears *pro se*, the court reviews his "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, "the generous construction" that is afforded pro se pleadings has limits, and the court "must avoid becoming the plaintiff's advocate." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012) (citation omitted). Although the court does not "hold the pro se plaintiff to the standard of a trained lawyer," it nonetheless relies on "the plaintiff's statement of his own cause of action." *Id.* (internal quotation marks and citations omitted). Thus, the court "may not rewrite a [complaint] to include claims that were never presented." *Id.* A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

On January 9, 2015, the court directed Mr. Salazar to file any response he had to Defendant's Motion to Dismiss on or before February 6, 2015. (*See* Minute Order (Doc. # 31)). The court's records indicate that Mr. Salazar's copy of the Minute Order was not returned in the

mail as undeliverable. To date, he has not filed any response to the Motion. Nevertheless, "a district court may not grant a motion to dismiss for failure to state a claim merely because [a party] failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotation marks and citation omitted). "This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Issa*, 354 F.3d 1177-78 (internal quotation marks and citations omitted). "Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.*

III.   Analysis

A.   Qualified Immunity

Mr. Salazar sues Defendant White in his individual capacity. (*See* Doc. # 11 at 1 of 10). Personal capacity suits pursuant to § 1983 seek to impose personal liability upon a government official for actions he or she takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 164, 165-67 (1985). Defendant White raises the defense of qualified immunity. "[P]ublic officials enjoy qualified immunity in civil actions that are brought against them in their individual capacities and that arise out of the performance of their duties." *Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013) (citation omitted). Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007) (2008). "Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry." *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks

and citations omitted).  "First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right."  *Id.* (internal quotation marks and citation omitted).  "Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.  *Id.*  "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id.*  *See also Kingsley v. Hendrickson*, No. 14-6368, 2015 WL 2473447, at *7 (U.S. June 22, 2015) ("an officer enjoys qualified immunity and is not liable for excessive force unless he has violated a clearly established right, such that it would [have been] clear to a reasonable officer that his conduct was unlawful in the situation he confronted.")  "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry.  *Herrera*, 589 F.3d at 1070 (internal quotation marks and citation omitted).

The court's "first task in any § 1983 suit alleging a constitutional violation is to isolate the precise constitutional violation with which [the defendant] is charged."  *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) (internal quotation marks and citation omitted).  Mr. Salazar "doesn't offer much help: he alleges simply a violation of the . . . Eighth, and Fourteenth Amendments, without suggesting which one he thinks best applies to his case or offering any further explanation."  *Id.*  Mr. Salazar alleges violation of the Fourteenth Amendment based on his pretrial detainee status as a "state parole hold." (*See* Doc. # 11 at 4 of 10).  "[F]ollowing arrest the due process protections of the Fourteenth Amendment are triggered to protect a pretrial detainee from excessive force approaching punishment."  *Weimer v. Schraeder*, 952 F.2d 336, 340 (10th Cir. 1991) (citing *Graham v. Conner*, 490 U.S. 386, 395 n. 10 (1989)).[3]  *See also Kingsley v.*

---

[3]  "[P]risoners already convicted of a crime" who allege excessive force claims "must proceed under the more restrictive terms of the Eighth Amendment's cruel and unusual punishments clause."  *Porro*, 624

*Hendrickson*, No. 14-6368, 2015 WL 2473447, at *6 ("the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment") (citation omitted); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (The rights of "those persons who have been charged with a crime but who have not yet been tried on the charge," are governed by the Fourteenth Amendment, which prohibits punishment "prior to an adjudication of guilt in accordance with due process of law."); *Ingraham v. Wright*, 430 U.S. 651, 672 n. 40 (1977) ("Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment."). Mr. Salazar's claims are properly addressed under Fourteenth Amendment standards.

Mr. Salazar alleges that in May or June 2014 all of the inmates in his pod were being moved in order to conduct maintenance on the pod, that Deputy White asked him to place his hands on his head and interlace his fingers, and that he responded that he did not think he could because of a previous shoulder injury. (*See* Doc. # 11 at 4 of 10). When he was told to get on his knees, he responded that he could not due to a previous back injury. (*See id.*). He alleges that Deputy White then threw him to the floor and punched him, handcuffed him, continued to punch him, and kicked him savagely, although he was not resisting. (*See id.*). He alleges that Deputy White again threw him to the floor, punched him, and laid on top of him so he could not breathe. (*See id.*). He alleges that preexisting injuries to his left shoulder and his back were exacerbated by the incident, causing numbness, pain, and falling. (See Doc. # 11 at 4 of 10).

The law concerning a Fourteenth Amendment due process violation was clearly established such that a reasonable person in Defendant's position would have known that the use of violent physical force on a pretrial detainee who is not resisting and is restrained in handcuffs would violate that person's Fourteenth Amendment rights. *Estate of Booker v. Gomez*, 745 F.3d

---

F.3d at 1325-26 (internal quotation marks and citation omitted).

405, 428 (10th Cir. 2014).  "[A]n objective standard is appropriate in the context of excessive force claims brought by pretrial detainees pursuant to the Fourteenth Amendment."  *Kingsley v. Hendrickson*, No. 14-6368, 2015 WL 2473447, at *9.  A pretrial detainee can prevail by providing "objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose."  *Id.* at * 6.  "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."  *Id.* at * 5.  *See also Estate of Booker v. Gomez*, 745 F.3d at 428 (Fourth Amendment excessive force factors applied in *Graham v. Conner*, 490 U.S. 386 (1989), "are consistent with the disproportionate force analysis under the Fourteenth Amendment").

> [O]bjective reasonableness turns on the facts and circumstances of each particular case.  A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight.  A court must also account for the legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained, appropriately deferring to policies and practices that in th[e] judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security.
> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.  We do not consider this list to be exclusive. We mention these factors only to illustrate the types of objective circumstances potentially relevant to a determination of excessive force.

*Kingsley v. Hendrickson*, No. 14-6368, 2015 WL 2473447, at *5-6.

Accepting the allegations as true, the court concludes for the purposes of the motion to dismiss only, that Mr. Salazar has alleged facts that, if true, sufficiently state a claim for violation of the Fourteenth Amendment based on the use of excessive force.  *See United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996) (holding that, in a motion to dismiss, the court must accept as true all well-pleaded facts and construe all reasonable allegations in the light

most favorable to the plaintiff).

IV.     Payment of Filing Fee

By an Order entered August 27, 2014, Mr. Salazar was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* Doc. # 4).   Mr. Salazar is required to pay the full amount of the required $350.00 filing fee.   (*See* "Order Granting 28 U.S.C. § 1915 Motion (Doc. # 9)).   He has consented to disbursement of partial payments of the filing fee from his prison account.   (*See id.*).   The court has not received any payment from Mr. Salazar, including the $10.00 payment that was ordered by the court on August 27, 2014.   (See Doc. # 9).   Mr. Salazar has failed to comply with the court's Order directing monthly disbursements from his inmate account.   If Mr. Salazar continues to fail to comply with the payment requirement until the filing fee is paid in full, the court may dismiss this civil action without further notice for failure to comply with the court's Orders and § 1915.

V.     Conclusion

IT IS RECOMMENDED that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (filed January 5, 2015) (Doc. # 29) be DENIED.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);   *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).   A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 7th day of July, 2015.

BY THE COURT:

  s/Craig B. Shaffer  
United States Magistrate Judge