**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-02081-RM-CBS

GARY SALAZAR,

    Plaintiff,

v.

DEPUTY WHITE, individually,

    Defendant.

---

**ORDER ON
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (ECF NO. 32)**

---

THIS MATTER is before the Court on the July 7, 2015, Recommendation of United States Magistrate Judge Craig B. Shaffer (the "Recommendation") (ECF No. 32), recommending that Defendant White's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") (ECF No. 29) be denied. Defendant timely filed his Objection to Recommendation of United States Magistrate Judge (the "Objection") (ECF No. 33), to which Plaintiff filed no response. For the reasons stated below, the Court OVERRULES the Objection, ADOPTS the Recommendation, and DENIES the Motion.

    **I.**    **STATEMENT OF THE CASE**

No party objects to the Magistrate Judge's recitation of the statement of the case. Accordingly, the Court adopts and incorporates the statement of the case included within the Recommendation as if set forth herein. (ECF No. 32, pages 1-2.)

## II.     PLAINTIFF'S CLAIM

Plaintiff alleges he was subjected to excessive force by Defendant and others while an inmate held at the El Paso County Criminal Justice Center ("CJC") on a state parole hold. Plaintiff alleges that Defendant, and others, savagely and maliciously beat and kicked him, especially when he was handcuffed.  Meanwhile, other unnamed defendants watched and did nothing.   The specific allegations are as follows.

In May or June 2014, while at the CJC, a response team of about 10 members came to Plaintiff's cell to move everyone in the pod in order to perform maintenance on the pod. Defendant asked Plaintiff to place his hands on his head and interlace his fingers, but Plaintiff told Defendant he did not think he could because of a previous shoulder injury.  Defendant then asked Plaintiff to spread his legs, and Plaintiff did as much as he could, but Defendant became angry and began to yell.  The other response team members also started yelling at Plaintiff, telling him to get on his knees.  Plaintiff told them he could not due to a previous back injury.  At that point, Defendant and others began attacking him.

According to Plaintiff, he was attacked twice.  First, while Plaintiff was at his cell, Defendant White – along with response team members "one, two, three and four" – threw Plaintiff on the floor.  Despite the fact that Plaintiff was not resisting, Defendant White (and the other four team members) began punching him.  While on the floor, one of the five team members handcuffed Plaintiff's hand behind his back, while one or more of the others continued to punch him.  Then, one or more of the five team members began kicking him.  Thereafter, Defendant and team member one picked Plaintiff up and took him to the jail intake area.

At the intake area, Plaintiff was attacked again. Defendant and team member one again told Plaintiff to get on his knees. Once again Plaintiff could not, so Defendant and team member one began attacking Plaintiff. Plaintiff was thrown on the floor, and Defendant and team member one punched him and laid on top of him so he could not breathe. Another team member punched Plaintiff in the face and his nose began to bleed profusely. All the while, Plaintiff was handcuffed.

As a result of Defendant's alleged attacks, Plaintiff contends he suffers "terrible pain" and numbness in his left arm and shoulder area, and from his back giving out without warning which causes him to fall on the floor in extreme pain. Plaintiff asserts Defendant caused serious permanent injury, chronic severe pain, loss of enjoyment of life, and loss of bodily function. Plaintiff seeks relief under the Eighth Amendment and Fourteenth Amendment.

### III. LEGAL STANDARDS

#### A. Review of the Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the

absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

      **B.**      **Motions to Dismiss**

Defendant moved to dismiss under Rules 12(b)(1) and 12(b)(6) but, based on the Objection, only Rule 12(b)(6) is now at issue. Pursuant to Rule 12(b)(6), a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 555 (internal citations and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation and quotation omitted; italics in original).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (brackets in original).

In this case, Plaintiff did not file a response to the Motion. "[A] district court may not, [however,] grant a motion to dismiss for failure to state a claim merely because a party failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotation marks, alteration, and citation omitted); *Fournerat v. Wisconsin Law Review*, 420 F. App'x 816, 819 (10th Cir. 2011). This is because the purpose of Rule 12(b)(6) motions is to test "'the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.'" *Issa*, 354 F.3d at 1177 (quoting *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994)). "Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa*, 354 F.3d at 1178; *Fournerat*, 420 F. App'x at 819.

### C. Plaintiff's *Pro Se* Status

Plaintiff is proceeding *pro se*. The Court, therefore, reviews his pleadings and other filings liberally and holds them to a less stringent standard than those drafted by

5

attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues) (citations omitted). Plaintiff's *pro se* status does not entitle him to application of different civil procedure rules. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991.

## IV. ANALYSIS

In his Motion, Defendant argued Plaintiff failed to state a claim under the Fourteenth Amendment, Defendant is entitled to qualified immunity, and the Court lacks subject matter jurisdiction over any state law claim. The Recommendation found: (1) Plaintiff did not advocate any state law claims, and the Magistrate Judge perceived none; and (2) Plaintiff's claims are to be addressed under the Fourteenth Amendment, the law was clearly established that a reasonable person in Defendant's position would have known that the use of violent physical force on a pretrial detainee who is not resisting and restrained in handcuffs would violate that person's Fourteenth Amendment rights, and the objective standard announced in *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466 (2015) applied. Defendant objects to the Recommendation, arguing it fails to fully consider: (1) Plaintiff's burden; and (2) the alleged facts as applied to Defendant's qualified immunity defense.

First, as no objection was filed to the finding that no state law claims were alleged, and that Plaintiff's claims are to be evaluated under the Fourteenth Amendment, the Court adopts the Recommendation as to such findings and conclusions.

Next, as to Plaintiff's burden, generally, when a defendant asserts qualified immunity, the plaintiff must show (1) that the defendant's actions violated a federal constitutional or statutory right; and (2) that the right was clearly established at the time of the defendant's unlawful conduct. *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). "To determine whether the right was clearly established, we ask whether 'the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Id.* (quoting *Ashcroft v. al-Kidd,* 563 U.S. 731 (2011)). Defendant argues Plaintiff has not shown what clearly established law Defendant has violated, and that Defendant is "unaware of any case law constitutionally prohibiting a deputy sheriff from using force when an inmate refuses to follow instructions during a volatile situation such as an inmate move." (ECF No. 33, page 4.) Defendant's argument, however, is unavailing.

As stated, although Plaintiff did not respond to the Motion, the Court is not required to grant relief simply because it was requested. Moreover, the allegations, coupled with the relevant legal authorities,[1] support the conclusion that Plaintiff's allegations are sufficient to meet his burden. Contrary to Defendant's assertion, Plaintiff did not *refuse* to follow instructions – the allegations are that he was physically *unable* to comply, due to his physical limitations of which he advised Defendant. Moreover, the question is not whether Defendant was prohibited from any using any force but, rather, whether he was prohibited from using *excessive* force.

---

[1] Case law which Defendant even cited.

The Magistrate Judge found – and the Court agrees – the law was clearly established such that a reasonable person in Defendant's position would have known that the use of violent physical force on a pretrial detainee who is not resisting and is handcuffed would violate that person's Fourteenth Amendment rights. *See Estate of Booker*, 745 F.3d at 412-414, 428 (Agreeing with the Sixth Circuit's analysis that "'there undoubtedly is a clearly established legal norm' precluding the use of violent physical force against a criminal suspect or detainee 'who already has been subdued and does not present a danger to himself or others.'") (quoting *Harris v. City of Circleville*, 583 F.3d 356, 367 (6th Cir.2009)); *cf. Ali v. Dinwiddie*, 437 F. App'x 695, 699 (10th Cir. 2011) (In context of the Eighth Amendment, Tenth Circuit agreed plaintiff's claim that the officer "'punched him with a force that sent him reeling into the wall and onto the floor, and then repeatedly kicked and punched him in the head and back—even after he was handcuffed' was sufficient to create a genuine dispute of material fact concerning the use of excessive force."). In addition, it bears noting that Plaintiff's allegations are that he was on the floor – after being thrown there by Defendant – at the time he was attacked by Defendant. *See Estate of Booker,* 745 F.3d at 424 ("[I]t was 'clearly established that putting substantial or significant pressure on a suspect's back while that suspect is in a face-down prone position after being subdued and/or incapacitated constitutes excessive force.'") (quoting *Weigel v. Broad*, 544 F.3d 1143, 1155 (10th Cir. 2008)). That there is no case with this exact fact pattern is of no moment – after all, that is not the standard. "'The plaintiff is not required to show ... that the very act in question previously was held unlawful … to establish an absence of qualified immunity.'" *Estate of Booker,* 745 F.3d at 411 (quoting *Weigel,* 544 F.3d at 1153). Were it otherwise, "a requirement of a case directly on point would quickly transform the qualified

immunity standard into an absolute immunity standard in the vast majority of cases." *Roska v. Peterson,* 328 F.3d 1230, 1248 n.16 (10th Cir. 2003).

Finally, as to the sufficiency of Plaintiff's allegations, Defendant argues that the "new 'objective reasonableness'" standard under *Kingsley, supra,* announced in 2015 was not clearly established at the time of the alleged incident in 2014. Instead, Defendant contends the *subjective* reasonable standard applies and Plaintiff has failed to sufficiently allege facts to meet this standard. The Court agrees that the "motives of the state actor" (what Defendant refers to as "subjective reasonableness component") requirement set forth in *Estate of Booker*, 745 F.3d at 426, should be considered to evaluate Defendant's conduct which allegedly occurred in 2014.[2] The Court finds, however, that Plaintiff has sufficiently alleged facts to meet this requirement.[3]

The subjective intent standard for an excessive force due process violation has been described as "'force inspired by unwise, excessive zeal amounting to an abuse of official power that shocks the conscience, or by malice rather than mere carelessness.'" *Estate of Booker*, 745 F.3d at 46 (quoting *Hannula v. City of Lakewood*, 907 F.2d 129, 132 (10th Cir. 1990), *abrogated in part by Graham v. Connor,* 490 U.S. 386, 394-95 (1989)). In this case, Plaintiff's allegations that Defendant attacked Plaintiff, threw him on the ground, "savagely and maliciously beat and kicked" him, while he was in handcuffs and not resisting are sufficient to support that the force was inspired by malice or excessive zeal that shocks the conscience.

Defendant argues that prohibiting the use of force under the facts and circumstances alleged here would render the terms of C.R.S. § 18-1-703(1)(b) "useless when inmates engage in civil disobedience." "[T]he presence of a statute is *not* relevant to the question of whether the

---

[2] The Recommendation does not specifically mention the consideration of this factor.
[3] In light of the Court's determination, it need not address the possible implications of *Kingsley*.

9

law is 'clearly established.'" *Roska*, 328 F.3d at 1252-53 (emphasis in original).  The Court may, however, consider whether reliance on the statute rendered an officer's conduct "objectively reasonable."  *Id.* at 1253.  The section Defendant relies upon allows the use of "reasonable and appropriate physical force" to maintain order and discipline.  Under the facts as alleged, however, the statute's provisions are insufficient to support the conclusion that Defendant's conduct was "objectively reasonable."

## V. CONCLUSION

Based on the foregoing, and as stated herein, the Court ORDERS as follows:

(1) Defendant's Objection to Recommendation of United States Magistrate Judge (ECF No. 33) is OVERRULED;

(2) The Recommendation of United States Magistrate Judge (ECF No. 32) is ADOPTED as an order of this Court; and

(3) Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 29) is DENIED.

DATED this 5th day of October, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge