IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02081-RM-CBS

GARY SALAZAR,
        Plaintiff,
v.

DEPUTY WHITE, individually,
        Defendant.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court regarding Mr. Salazar's failure to appear at the

Telephone Status Conference held on November 24, 2015 at 11:00 a.m., failure to comply

with court orders, the Local Rules of Practice of the United States District Court for the

District of Colorado, and the Federal Rules of Civil Procedure, and failure to prosecute this

case.  Pursuant to the Order Referring Case dated December 23, 2014, this civil action was

referred to the Magistrate Judge.  (*See* Doc. # 28).  The court has reviewed the entire case

file and the applicable law and is sufficiently advised in the premises.

        Mr. Salazar initiated this lawsuit in his *pro se* capacity on July 25, 2014. (*See* Doc. #

1).  At the court's direction, he filed his Amended Complaint on September 8, 2014.  (*See*

Docs. # 10, # 11). Mr. Salazar alleges two claims for relief against Deputy White of the CJC

pursuant to 42 U.S.C. §§ 1983 for excessive force in violation of the Eighth and Fourteenth

Amendments to the U.S. Constitution. (*See* Doc. # 11 at 6-7 of 10).[1]  He seeks sixty million

dollars in compensatory damages, additional punitive damages, the $350.00 filing fee, and

_____

[1] On December 15, 2014, Mr. Salazar voluntarily dismissed all unnamed Defendants without
prejudice. (See Courtroom Minutes/Minute Order (Doc. # 23)).

attorney fees.  (*See id.*).

On January 5, 2015, Defendant filed a Motion to Dismiss Mr. Salazar's Amended

Complaint.  (*See* Doc. # 29).  On January 9, 2015, the court directed Mr. Salazar to file any

response he had to the Motion to Dismiss on or before February 6, 2015.  (*See* Minute Order

(Doc. # 31).  Mr. Salazar never filed any response to the Motion.  On October 5, 2015, the

court adopted the Recommendation of the Magistrate Judge that the Motion to Dismiss be

denied.  (*See* Docs. # 32, # 33).

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, "[i]n any action, the court

may order the attorneys and any unrepresented parties to appear for one or more pretrial

conferences . . . ."  Fed. R. Civ. P. 16(a).  "On motion or on its own, the court may issue any

just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A)

fails to appear at a scheduling or other pretrial conference; . . ."  Fed. R. Civ. P. 16(f).  By

Minute Orders dated October 26, 2015, the court set a Telephone Status Conference on

November 24, 2015 at 11:00 a.m. to discuss with the parties the nature and status of the

case, the timing for filing of any motions, and what discovery, if any, will be needed.  (*See*

Docs. # 36, # 37).  Mr. Salazar's copy of one of the Minute Orders was returned to the court

as undeliverable.  (*See* Doc. # 38).  The court held the Telephone Status Conference on

November 24, 2015.  (*See* Courtroom Minutes/Minute Order (Doc. # 40)).  Counsel for

Defendant appeared via telephone.  Mr. Salazar did not appear and has not contacted the

court to explain his failure to appear.  Counsel for Defendant was informed by the Colorado

Department of Corrections that Mr. Salazar is no longer incarcerated at the Sterling

Correctional Facility, as he was released on parole in Denver, Colorado.  *See also* Colorado

Department of Corrections Inmate Locator System, www.doc.state.co.us.  Mr. Salazar has

failed to keep the court apprised of his current address, in violation of the Local Rules of Practice of the United States District Court for the District of Colorado, D.C. COLO. LAttyR 5(c).

Based upon Mr. Salazar's failure to appear at the Telephone Status Conference held on November 24, 2015, failure to comply with court orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failure to prosecute, this civil action may be dismissed with or without prejudice. *See AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal quotation marks and citation omitted); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008)  ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."); *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . .").

When dismissing a case without prejudice, " 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'" *AdvantEdge*, 552 F.3d at 1236 (quoting *Nasious v. Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir.2007)).  The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted).  Mr. Salazar has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. The court is not

convinced that it is required to *sua sponte* identify and apply any possible limitations periods or tolling provisions applicable to Mr. Salazar's claims.  *See AdvantEdge,* 552 F.3d at 1236 (AdvantEdge cannot demonstrate this practical effect of a dismissal without prejudice "because it has failed to sufficiently address on appeal the possible running of a statute of limitations; indeed, it has failed even to identify the applicable limitation periods.");  *Young v. United States*, 316 F. App'x 764, 772 n. 7 (10th Cir. March 12, 2009) ("We do not need to consider the possible running of any of the applicable statute of limitations in either of Mr. Young's actions, however, because he has failed to raise the issue.").

Accordingly, IT IS RECOMMENDED that this civil action be DISMISSED WITHOUT PREJUDICE based upon Mr. Salazar's failure to appear at the Telephone Status Conference held on November 24, 2015, failure to comply with court orders, the Local Rules of Practice of the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, and failure to prosecute.

DATED at Denver, Colorado, this 24th day of November, 2015.

BY THE COURT:


       s/Craig B. Shaffer
United States Magistrate Judge