**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-02081-RM-CBS

GARY SALAZAR,

    Plaintiff,

v.

DEPUTY WHITE, individually,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") (ECF No. 41) issued on November 24, 2015, to dismiss Plaintiff's case for failure to appear as ordered, to comply with court orders, to comply with the court's Local Rules of Practice, to comply with the Federal Rules of Civil Procedure, and to prosecute this case. For the reasons stated below, the Court has conducted a *de novo* review of the matter and, upon such review, accepts the Recommendation to dismiss, and dismisses this case without prejudice.

**I.     BACKGROUND**

As relevant to this Order, Plaintiff, proceeding *pro se*, filed this § 1983 action alleging that Defendant White used excessive force against Plaintiff in violation of his rights under the Eighth and Fourteenth Amendment to the U.S. Constitution. Defendant White filed a Motion to Dismiss, to which Plaintiff did not respond. Defendant White objected to Magistrate Judge

Craig B. Shaffer's recommendation to deny Defendant White's Motion to Dismiss Plaintiff's case, to which Plaintiff also did not respond. Although Plaintiff filed his action on July 25, 2014, he has shown little interest in prosecuting this case.

Plaintiff's lack of diligence and failure to comply with the applicable rules are demonstrated by the following. Plaintiff apparently moved, but did not comply with the Local Rules and notify the court of his change of address. Orders are being returned to the court as undeliverable. Next, pursuant to the Federal Rules of Civil Procedure, the Magistrate Judge issued orders setting a telephone conference, but Plaintiff failed to appear. Finally, during the telephone conference, the Magistrate Judge advised he would issue a recommendation that this case be dismissed for Plaintiff's failure to comply with court orders and the local rules, and for his lack of diligent prosecution. (ECF No. 40.) A copy of the court's Minutes was served on Plaintiff to the address he provided, but was returned as undeliverable. (ECF No. 43.)

In light of this background, the Magistrate Judge issued the Recommendation now before the Court, to which Plaintiff filed no objection and the time to do so has expired. The Recommendation, however, did not inform Plaintiff of his right to object.

## II.     LEGAL STANDARDS

### A.     Review of the Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P.

72(b)(3). An objection is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Under this rule, "the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are, however, two exceptions to the firm waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Duffield v. Jackson,* 545 F.3d 1234, 1237 (10th Cir. 2008) (internal quotation marks and citation omitted).

**B.**  ***Pro Se* Status**

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleadings and other filings liberally, and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). Plaintiff's *pro se* status, however, does not entitle

him to application of different civil procedure rules. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Wells v. Krebs*, Case No. 10-cv-00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (unpublished) (citation omitted), *adopted in* 2010 WL 4449729 (D. Colo. Nov. 1, 2010).

### III. ANALYSIS

In this case, the Recommendation did not inform Plaintiff of his right to object and the consequences of that failure. Thus, the firm waiver rule does not apply, *Moore,* 950 F.2d at 659, and the Court will conduct a *de novo* review to determine whether dismissal of Plaintiff's Complaint is warranted.

"'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'" *AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)). "When dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge*, 552 F.3d at 1236 (internal quotation marks and citation omitted). While a dismissal without prejudice may have the practical effect of a dismissal with prejudice if the statute of limitations has expired, the Court is not required to *sua sponte* identify the possible limitations period on Plaintiff's claims and whether they may have run. *See AdvantEdge*, 552 F.3d at 1236 ("AdvantEdge cannot demonstrate [the practical effect would be a dismissal with prejudice] because it has failed to sufficiently address on appeal the possible running of a statute of limitations; indeed, it has failed even to identify the applicable limitation periods."); *Young v. United States*, 316 F. App'x 764,

4

772 n.7 (10th Cir. March 12, 2009) (unpublished) ("We do not need to consider the possible running of any of the applicable statute of limitations in either of Mr. Young's actions, however, because he has failed to raise the issue.").

In this case, pursuant to D.C.COLO.LAttyR 5(c), an unrepresented party is required to file a notice of change of mailing address within five days after the change. Here, Plaintiff failed to comply with this Local Rule, as evident from the continued return of mailings from the court to the only address Plaintiff provided. Similarly, Plaintiff has failed to comply with court orders and the requirements of the Federal Rules of Civil Procedure by failing to appear at the telephone conference as ordered by the Magistrate Judge. Finally, Plaintiff has not contacted the court to offer any explanation for his failures or to apprise himself of the status of his case. The totality of Plaintiff's actions demonstrate that he has failed to prosecute his case with due diligence.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED**

1. That the Recommendation (ECF No. 41) is hereby **ACCEPTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**; and

2. That the Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff.

DATED this 16th day of December, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge